ANTHRACITE TRUST COMPANY, JANE H. CONNELL AND EDWIN E. CONNELL, TRUSTEES OF THE ESTATE OF ALFRED E. CONNELL, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47158, 53083.    Promulgated May 13, 1932.

*L. E. Renard, Esq.*, for the petitioners.
*Frank B. Schlosser, Esq.*, for the respondent.

## OPINION.

VAN FOSSAN: The fundamental question presented by the stipulated facts is whether the estate is liable for income taxes on its income where the widow elected to take under the will in lieu of dower and the sums so paid her by the trustees aggregate less than her dower interest. This question was before us and fully considered in *Julia Butterworth et al., Trustees*, 23 B. T. A. 838. We held the estate taxable. Petitioners concede in their brief that the present case falls squarely within the *Butterworth* case as to the years 1926 and 1928, but argue that a different situation obtains as to 1927.

The burden of petitioners' argument as to 1927 rests on the fact that the beneficiary reported this income in her return for 1927 and, for whatever reason, entered into an "Agreement as to Final Determination of Tax Liability" with the proper officials of the Treasury Department. By executing the agreement she precluded herself from claiming a refund of the taxes so paid. Apparently no such agreement was entered into as to 1926 and 1928 and the respondent refunded the tax paid for those years. Petitioners argue, in effect, that it is unconscionable for respondent to retain the tax paid by the beneficiary and at the same time insist on the additional payment by the estate.

We know only the bare facts set out in the stipulation, but in their brief petitioners absolve the Government of any suspicion of " fraud, malfeasance or misrepresentation." The beneficiary is not a party to these proceedings and we have no duty to perform in her respect. The law is well settled that the estate, in the stated circumstances, is liable for the tax. If the beneficiary feels aggrieved, and we have no knowledge on that score, her redress, if any exists, lies in some other forum.

So far as the facts pertinent to the estate go, the situation obtaining in 1927 is identically the same as in 1926 and 1928. The ruling of the Board in the *Butterworth* case, followed in *Frank Pardee et al., Trustees*, 23 B. T. A. 846, and *Estate of T. S. Martin et al.*, 24 B. T. A. 862, is controlling.

*Decision will be entered for the respondent.*